# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THE ESTATE OF ROGER G. HEISER.,**

    **Plaintiff,**

    vs.

**BARNES AND NOBILE BOOKSELLERS, INC.** *et al.***,**

    **Defendants.**

**Case No. 2:19-cv-4396**

**Chief Judge Algenon L. Marbley**

**Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Defendant Barnes & Nobile Booksellers, Inc. ("Barnes & Nobile") removed this action from Franklin County Court of Common Pleas on October 3, 2019. (ECF No. 1.)  On January 6, 2020, the Court directed Plaintiff to file a written status report by January 13, 2020, advising the Court as to the status of its claims against Defendant, EMCO-Taylor Elevator Company a/k/a Schindler Corporation, including status of service of process. (ECF No. 6.)  On January 13, 2020, Plaintiff requested an extension of time to complete service on this Defendant.  (ECF No. 8.)  On January 15, 2020, the Court granted Plaintiff an extension of time until February 7, 2020 to complete service[1].  (ECF No. 9.)  On April 20, 2020, Plaintiff was ordered to show cause

---

[1] In granting the extension, the Court noted that Plaintiff had not established the necessary good cause for extending the time period under Federal Rule of Civil Procedure 4(m).  Nevertheless, the Court granted the extension because it did not appear that Plaintiff's actions would "significantly delay effecting proper serve beyond the time period prescribed by Rule 4(m)." *Wise v. Dep't of Defense*, 196 F.R.D. 52, 57 (S.D. Ohio 1999) (concluding that the court has

within fourteen days why the claims against Defendant EMCO-Taylor Elevator Company a/k/a Schindler Corporation should not be dismissed and why an extension of time to effect service should be allowed.  (ECF No. 12.)   To date, Plaintiff has not responded to the Court's Show Cause Order.  It is therefore **RECOMMENDED** that Plaintiff's claims against Defendant EMCO-Taylor Elevator Company a/k/a Schindler Corporation be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed,

---

discretion to extend the time period under Rule 4(m) even absent a showing of good cause and extending the time for the plaintiff to effect proper service).

2

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

**DATED:  May 7, 2020**              /s/ *Elizabeth A. Preston Deavers*          
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **CHIEF UNITED STATES MAGISTRATE JUDGE**